UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 13-62723-Civ-SCOLA**

ANTOINE WESLEY CLARK,

    Plaintiff,

vs.

RICHARD HARRELL,

    Defendant.

_____/

**Order Of Dismissal**

    This case must be dismissed, without prejudice, because this Court lacks jurisdiction over the matter. The Court has carefully reviewed the complaint and all related filings. The *pro se* Plaintiff, Antoine Wesley Clark, appears to be asserting a claim for battery against the Defendant, Richard Harrell. Since battery is a state-law claim the parties must be diverse in order for this Court to have jurisdiction over this lawsuit. *See Roberts v. Lakeview Cmty. Hosp.*, 985 F. Supp. 1351, 1351 (M.D. Ala. 1997).

    District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000.00 in value and is between citizens of different States. 28 U.S.C. § 1332(a)(1) (2006). Diversity must be complete, meaning that every plaintiff must be diverse from every defendant. *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994). The party commencing suit in federal court—in this case, Clark—has the burden of establishing, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010); *see also* Fed R. Civ. P. Rule 8(a)(1) ("A pleading that states a claim for relief must contain a short plain statement of the grounds for the court's jurisdiction.").

    Clark's complaint does not, on its face, state the citizenship of the parties, however, the incident report attached to the complaint suggests that both Clark and Harrell are domiciled in Florida. Since the parties here are not diverse, this Court must dismiss this action. *See* Fed. R. Civ. P. 12(h)(3). Clark's vague references to non-applicable federal laws (*i.e.*, "Disability Act Abuse" & 47 U.S.C. § 553) are not enough to create jurisdiction.

For the reasons explained, this case is **dismissed** without prejudice.  To the extent Clark intends to pursue this claim he must do so in state court.  The Clerk will **close** this case.  All pending motions are **denied** as moot.

**Done and ordered**, in chambers, on December 30, 2013.

**Robert N. Scola, Jr.**
**United States District Judge**